IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GUSTAVO GALLARDO-GARCIA,

      Petitioner,

v.

KRISTI NOEM, in her official capacity as Secretary of the Department of Homeland Security; PAMELA BONDI, in her official capacity as Attorney General of the United States; TODD LYONS, in his official capacity as Acting Director and Senior Official Performing the Duties of the Director of U.S. Immigration and Customs Enforcement; MARY DE ANDA-YBARRA, in her official capacity as Field Office Director of the El Paso Field Office of U.S. Immigration and Customs Enforcement, Enforcement and Removal Operations; and DORA CASTRO, in her official capacity as Warden of the Otero County Processing Center,

      Respondents.

No. 2:25-cv-01097-MLG-LF

**ORDER PARTIALLY GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

This matter is before the Court on Petitioner Gustavo Gallardo-Garcia's Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"). Doc. 1. Gallardo-Garcia, a Mexican citizen, entered the United States without inspection in May 1999. *Id.* at 1 ¶ 1. In June 2011, the Government issued Gallardo-Garcia a Notice to Appear ("NTA") and initiated removal proceedings against him in Phoenix, Arizona. *Id.* at 2 ¶¶ 4-5. The 2011 NTA charged Gallardo-

Garcia as "a [noncitizen][1] present in the United States who has not been admitted or paroled" pursuant to 8 U.S.C. § 1182(a)(6)(A)(i). Doc. 1 at 2 ¶ 5. On November 28, 2011, he applied for asylum and cancellation of removal; this application remains pending on appeal before the BIA. *Id.* at 2, 11 ¶¶ 4, 38, 43.

For the last fourteen years, Gallardo-Garcia has been authorized by DHS to live and seek employment in the United States pending resolution of his asylum application. *Id.* at 2-3, 11 ¶¶ 5, 38-39. During that time, he raised a family of five U.S. citizen children with his U.S. citizen wife and ran a successful Phoenix-based business. *Id.* at 3 ¶ 6.

On August 5, 2025, federal law enforcement officers arrested and detained Gallardo-Garcia. *Id.* at 2 ¶ 2; Doc. 13 at 1-2. He is being held at the Otero Processing Center in Chaparral, New Mexico, subject to final adjudication of his removal proceedings before the U.S. Immigration Court. Doc. 1 at 2 ¶ 2; Doc. 13 at 1-2. This is the first time he has been detained since his removal proceedings first began in 2011. Doc. 1 at 2-3 ¶¶ 4-5.

Gallardo-Garcia has filed a Petition asking the Court to (1) "[d]eclare that Petitioner's detention under 8 U.S.C. § 1225(b)(2)(A) is unlawful and that his custody is properly governed by 8 U.S.C. § 1226(a);" (2) "[o]rder Petitioner's immediate release from custody . . . ;" (3) [i]n the alternative, order that Petitioner be provided a prompt and individualized bond hearing before a neutral Immigration Judge applying the proper standards under § 1226(a). . . ;" and (4) "[g]rant such other and further relief as the Court deems just and proper[.]" Doc. 1 at 18.

---

[1] "This [order] uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020); *see generally* 8 U.S.C. § 1101(a)(3) ("The term 'alien' means any person not a citizen or national of the United States.").

The dispositive question presented to this Court is whether Gallardo-Garcia is eligible for a bond hearing pursuant to 8 U.S.C. § 1226(a),[2] or whether he is subject to the mandatory detention provisions provided for in § 1225(b)(2).[3] Our Court has been presented with this same issue as applied to similarly situated defendants, and, as in those cases, the Court hereby finds § 1226(a) governs Gallardo-Garcia's detention.[4] *See Cortez-Gonzales v. Noem*, No. 2:25-cv-00985, 2025 WL 3485771, at *3-5 (D.N.M. Dec. 4, 2025); *Diaz-Cruz v. Dedos*, No. 1:25-cv-01117, 2025 WL 3628517, at *2 (D.N.M. Dec. 12, 2025); *Gonzales Ramos v. Dedos*, No. 1:25-cv-00975, 2025 WL 3653928, at *3-4 (D.N.M. Dec. 17, 2025). The Court's application of § 1226(a) comports with nearly every other court in this district and across the country that has addressed the matter. *See, e.g., Salazar v. Dedos*, No. 1:25-cv-00835, 2025 WL 2676729, at *4 (D.N.M. Sept. 17, 2025); *Pu Sacvin v. De Anda-Ybarra*, No. 2:25-cv-01031, 2025 WL 3187432 (D.N.M. Nov. 14, 2025); *see*

---

[2] "On a warrant issued by the Attorney General, a[] [noncitizen] may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States . . . and pending such decision, the Attorney General . . . *may* release the [noncitizen] on . . . bond of at least $1,500 . . . ." § 1226(a) (emphasis added).

[3] "[I]n the case of a[] [noncitizen] who is an applicant for admission, if the examining immigration officer determines that a[] [noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted, the [noncitizen] *shall* be detained for a proceeding under section 1229a." § 1225(b)(2) (emphasis added).

[4] "It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993); *see also Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("[O]nce [a] [noncitizen] enters the country, the legal circumstance changes, for the Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent."). Given that § 1226(a) is controlling, Gallardo-Garcia is entitled—as a right—to an individualized bond hearing. *See Salazar v. Dedos*, No. 1:25-cv-00835, 2025 WL 2676729, at *5 (D.N.M. Sept. 17, 2025). Gallardo-Garcia's continued detention on the basis of § 1225(b)(2) constitutes an ongoing violation of the INA and his right to due process under the Fifth Amendment of the U.S. Constitution. *See Rodriguez v. Bostock*, No. 3:25-cv-05240, 2025 WL 2782499, at *15-16. Because the Court resolves Gallardo-Garcia's detention pursuant to § 1225(b)(2) as unlawful under the INA and the Due Process Clause of the Fifth Amendment, the Court need not address Gallardo-Garcia's Administrative Procedure Act ("APA") claim at this time. *See* Doc. 1 at 17-18 ¶¶ 61-65.

*also Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 483-91 (S.D.N.Y. 2025); *Jimenez v. FCI Berlin*, 799 F. Supp. 3d 59, 66-71 (D.N.H. 2025); *Echevarria v. Bondi*, No. CV-25-03252, 2025 WL 2821282, at *4-5 (D. Ariz. Oct. 3, 2025) (collecting cases); *Ochoa Ochoa v. Noem*, No. 25-cv-10865, 2025 WL 2938779, at *5 n.8 (N.D. Ill. Oct. 16, 2025) (collecting cases).

Given the preceding, the Court hereby denies Gallardo-Garcia's Petition for immediate release and grants his alternative request, ordering Respondents to provide Gallardo-Garcia with an individualized bond hearing pursuant to § 1226 within seven (7) days of the date of this Order. *See* Doc. 1 at 18. At the bond hearing, Respondents shall bear the burden of justifying Gallardo-Garcia's continued detention by clear and convincing evidence.[5]

Respondents are further ordered to file a status report within ten (10) days of this Order to certify compliance. The status report shall include when the bond hearing occurred, if bond was granted or denied, and if bond was denied, the reasons for the denial. If Gallardo-Garcia has not received a lawful bond hearing within seven days, this Court orders that he be immediately released.

Respondents are enjoined from removing Gallardo-Garcia from the United States or transferring him to any facility outside the U.S. District of New Mexico during the pendency of

---

[5] As the Government states in its Response to Gallardo-Garcia's Petition, the burden at a bond hearing is normally on the noncitizen to demonstrate detention is unwarranted. *See* Doc. 13 at 10-11; *Salazar*, 2025 WL 2676729, at *6 (first citing 8 C.F.R. § 236.1(c)(8); then citing *Matter of Adeniji*, 22 I.&N. Dec. 1102, 1116 (BIA 1999)). Given the ongoing violation of Gallardo-Garcia's due process rights, however, this Court agrees with the other courts in this district who have addressed similar cases and found that the burden at the individualized bond hearing has shifted to Respondents. *Pu Sacvin*, 2025 WL 3187432, at *3 (joining "most other district courts in concluding that a noncitizen's 'strong private interest in being free from civil detention' outweighs the Government's comparatively minimal burden to justify custody" (quoting *Salazar*, 2025 WL 2676729, at *6)).

this habeas action. Until further Order is issued by the Court, the Court retains jurisdiction to enforce and modify this Order as appropriate.

    It is so ordered.

_____
UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA